

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-5-2007

# Thorpe v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Thorpe v. New Jersey" (2007). *2007 Decisions.* Paper 477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-340                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2636
_____

TONY THORPE,

Appellant

v.

STATE OF NEW JERSEY, Federal Government

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03259)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6

August 16, 2007

BEFORE: RENDELL, SMITH and JORDAN, CIRCUIT JUDGES

(Filed: September 5, 2007)

_____

OPINION
_____

PER CURIAM

        Tony Thorpe appeals from the dismissal of his complaint by the United States

District Court for the District of New Jersey.  Because Thorpe's appeal presents no

substantial question, we will summarily affirm the judgment of the District Court.

Thorpe filed a complaint accusing the State of New Jersey of "wrongfully depriving him of his children for almost a year," after the New Jersey Division of Youth and Family Services ("DYFS") allegedly removed the children from the care of their mother (from whom he was separated) and placed them in foster homes. Thorpe claims that he was trying to obtain custody of the children at the time the DYFS removed them from their mother, but that he was denied custody even though he was not involved in the incident which led to DYFS's actions. He also claims that DYFS negligently denied the children medical care for "over one week." He seeks $830,000.00 in damages.

Although Thorpe stated that the State of New Jersey violated his rights under 42 U.S.C. § 1981 and the Fifth Amendment, the District Court correctly construed Thorpe's complaint as asserting civil rights violations under 42 U.S.C. § 1983. The District Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) due to the State of New Jersey's Eleventh Amendment immunity against suit, and declined to exercise supplemental jurisdiction over the state law negligence claim. Thorpe timely appealed and proceeds in forma pauperis.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of a dismissal for failure to state a claim is plenary. Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993). We are in complete agreement with the District Court's analysis and decision that the State of New Jersey is immune and that the complaint thus fails to state a claim. The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit

2

brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity. MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Section 1983 does not abrogate states' immunity. Quern v. Jordan, 440 U.S. 332, 340-41 (1979). And New Jersey has neither consented to suit nor has it waived its Eleventh Amendment immunity. The District Court, therefore, properly concluded that the State of New Jersey is immune from suit in this matter.

Additionally, the District Court appropriately declined to exercise supplemental jurisdiction over Thorpe's state law negligence claim. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

For these reasons, we will summarily affirm the District Court's May 9, 2007 Order. See L.A.R. 27.4; I.O.P. 10.6.